**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

CARLTON J WALKER,

    Petitioner,

v.

KEVIN SPRAYBERRY,

    Respondent.

CIVIL ACTION NO.: 6:17-cv-142

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Carlton J. Walker ("Walker"), who is currently incarcerated at Hays State Prison in Trion, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Walker also filed a Motion for Leave to Proceed *in Forma Pauperis*. (Doc. 7.) For the reasons which follow, the Court **DENIES** Walker's Motion to Proceed *in Forma Pauperis*. For these same reasons, I **RECOMMEND** that the Court **DISMISS** Walker's Petition, **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case, and **DENY** Walker leave to appeal *in forma pauperis* and a Certificate of Appealability.

## **BACKGROUND**

Walker filed this Section 2254 Petition on October 26, 2017, in the Middle District of Georgia, and that court transferred Walker's Petition to this District on October 31, 2017. (Docs. 1, 3.) In his Petition, Walker challenges his June 20, 2012, conviction in the Superior Court of Emanuel County, Georgia. (Doc. 1, p. 1.) Walker asserts that the facts stated in the transcripts of his case do not support his conviction for armed robbery, that he was charged with

three counts of armed robbery when he should have only been charged with two counts, and that he was improperly labeled a recidivist. (Id. at pp. 5–6.)

**DISCUSSION**

Walker brings this action under 28 U.S.C. § 2254. Pursuant to Rule 4 of the Rules governing Section 2254 petitions:

> The clerk must promptly forward the petition to a judge . . . , and the judge must promptly examine [the petition]. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

While complaints in a civil case must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Federal Rule of Civil Procedure 8(a), petitions for habeas corpus must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground," Rule 2 of Rules Governing Section 2254 Cases. In other words, habeas petitions must contain "'fact pleading' as opposed to 'notice pleading.'" Hittson v. GDCP Warden, 759 F.3d 1210, 1265 (11th Cir. 2014) (citations and internal quotation marks omitted). "To properly fact plead, 'a petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified. These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review.'" Arrington v. Warden, GDCP, No. CV 117-022, 2017 WL 4079405, at *2 (S.D. Ga. Sept. 14, 2017) (quoting Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990)). Therefore, a habeas petitioner cannot merely levy conclusory allegations but must support his claims with specific factual detail. Id. (citing James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)). The requisite review of Walker's Petition implicates doctrines of law which require the dismissal of his Petition.

**I.     Dismissal for Untimeliness**

To determine whether Walker timely filed his petition, the Court must look to the applicable statute of limitations periods. A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period runs from the latest of four possible dates:

> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Walker's conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Walker states that he was convicted in the Glynn County Superior Court on June 20, 2012. (Doc. 1, p. 1.) He had a period of thirty (30) days to file a notice of appeal. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]"). Walker did not file an appeal, (doc. 1, p. 2); accordingly, his conviction became final on July 20, 2012. Walker had one year from July 20, 2012, in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1). Walker did not file this Petition until more than five years later. Thus, by

Walker's own admission he did not comply with the plain language of Section 2244(d)(1)(A). Moreover, Walker does not make any claims that would implicate the limitations periods of Subsections 2244(d)(1)(B)–(D).

The applicable statute of limitations is tolled during "[t]he time . . . which a <u>properly</u> filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. §2244(d)(2) (emphasis added); <u>Taylor v. Williams</u>, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is 'in continuance'– i.e., 'until the completion of' that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'" <u>Carey v. Saffold</u>, 536 U.S. 214, 219–20 (2002) (citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. <u>Sibley v. Culliver</u>, 377 F.3d 1196, 1204 (11th Cir. 2004) (citation omitted); <u>see also</u> <u>Alexander v. Sec'y, Dep't of Corr.</u>, 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired). Walker readily admits that he did not file any state habeas petition or other application for collateral review. (Doc. 1, pp. 2–4.) Thus, he is not entitled to statutory tolling.

Equitable tolling of the statute of limitations is also unavailable to Walker. A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition. <u>Lawrence v. Florida</u>, 549 U.S. 327, 335 (2007) (citing <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied

4

sparingly," and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* Holland v. Florida, 560 U.S. 631 (2010). "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)). Again, Walker admits that he did not take any action to pursue his rights before filing this Petition. (Doc. 1, pp. 2–4.) Moreover, he has not demonstrated some extraordinary circumstance that prevented him from filing his Petition. Although Walker states that he recently received transcripts from his convictions, this does not account for the more than five years that passed between his conviction and the filing of his Petition.

For all of these reasons, the Court should **DISMISS** Walker's Section 2254 Petition as untimely.

## II. Dismissal for Failure to Exhaust State Court Remedies

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The United States Supreme Court has held that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the

5

exhaustion requirement" when discretionary review "is part of the ordinary appellate review process in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839–40, 847 (1999). Therefore, in order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. This exhaustion requirement also extends to a state's collateral review process. Gary v. Ga. Diagnostic Prison, 686 F.3d 1261, 1274 (11th Cir. 2012) (quoting Harbison v. Bell, 556 U.S. 180, 189–90 (2009)); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004). Failure to exhaust all claims or to demonstrate that exhaustion is futile prior to bringing a section 2254 petition requires that the petition be dismissed. See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other grounds as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition, this is not always true. See 28 U.S.C. § 2254(b), (c). First, a court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise even a colorable federal claim." Granberry v. Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2). The State may also explicitly waive the exhaustion requirement. 28 U.S.C. § 2254(b)(3); Hills, 441 F.3d at 1376 (citations omitted). Finally, a court should not require exhaustion if it has been shown that "there is an absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The exhaustion requirement should not be applied "if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991) (citations omitted).

Walker has not shown that this Court should entertain his federal petition. Respondent has not waived the exhaustion requirement. In addition, Walker fails to present evidence that there is no available corrective process in the State of Georgia. However, Walker readily admits that he has not pursued any state corrective process. (Doc. 1, pp. 2–4.) He states that he did not file any appeal or state habeas corpus petition regarding his conviction. (Id.) Therefore, by Walker's own admission, he failed to exhaust his available state remedies prior to filing this Petition.

Consequently, in the event the Court does not find Walker's Petition untimely, the Court should his Petition **DISMISS** his Petition **without prejudice** for his failure to exhaust his state remedies prior to filing this Petition.

## II.     Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Walker leave to appeal *in forma pauperis*. An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009). As there are no

non-frivolous issues for Walker to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should **DENY** Walker *in forma pauperis* status on appeal.

Additionally, Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis added). Under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Walker v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Walker's Petition and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal. Therefore, the Court should **DENY** Walker the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Walker a Certificate of

Appealability, Walker is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS** Walker's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, (doc. 1), and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Walker a Certificate of Appealability and **DENY** Walker leave to proceed *in forma pauperis* on appeal. The Court **DENIES** Walker's Motion for Leave to Proceed *in Forma Pauperis*, (doc. 2).

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Walker.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 11th day of July, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA